UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------X

JERMAINE BOYKIN,

                Petitioner,

-against-

JAMES WALSH, Superintendent,
Sullivan Correctional Facility,[1]

                Respondent.
---------------------------------------------X

TRANSFER ORDER
05-CV-3700 (ARR)

ROSS, United States District Judge:

      On July 27, 2005, petitioner filed this *pro se* petition[2] seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Since the judgment of conviction being challenged was entered in the Supreme Court, Orange County, which is located in the Southern District of New York, the action should be and hereby is transferred to the United States District Court for the Southern District of New York. Local Civil Rule 83.3. The Clerk of Court is directed to transfer this action to the United States District Court for the Southern District of New York. That provision of Rule 83.1 of the Local Rules for the Eastern District of New York which requires a five-day delay in the transfer of relevant case materials is waived.

SO ORDERED.

                                        ALLYNE R. ROSS
                                        United States District Judge

Dated: Brooklyn, New York
       August 16, 2005

---

[1] The proper respondent is the Superintendent of the facility in which the petitioner is incarcerated. See Rule 2(a) of the Rules Governing § 2254 Cases (providing that "the application shall be in the form of a petition ... in which the state officer having custody of the applicant shall be named as respondent."). Since petitioner provides no respondent, but provides an address at the Sullivan Correctional Facility, the Superintendent of that facility, James Walsh, is the proper respondent in this action. The Clerk of Court is directed to amend the caption.

[2] The Court construes plaintiff's letter to the Pro Se office of the United States District Court, Eastern District of New York, regarding the statute of limitation under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as it applies to his petition for a writ of habeas corpus challenging a 2003 Orange County New York conviction, as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.